CRAIG P. HELGESEN, #12547
HELGESEN, WATERFALL & JONES
ATTORNEYS FOR DEBTOR
1436 SOUTH LEGEND HILLS DRIVE, #110
CLEARFIELD, UT 84015
TELEPHONE: (801) 544-5306
FACSIMILE: (801) 614-0443

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| In re: | Bankruptcy No. 12-27501 JTM |
|---|---|
| Sven Martenson and Susan Martenson, | (a Chapter 13 case) |
| Debtors. | Filed Electronically |

### OBJECTION TO US BANK NATIONAL ASSOCIATION'S MOTION FOR TERMINATION AND ANNULMENT OF THE AUTOMATIC STAY

Sven and Susan Martenson, the above named Debtors ("Debtor"), respond to the Motion for Termination and Annulment of the the Automatic Stay, as follows:

1.  The debtor objects to US Bank National Association's Motion for relief from the Automatic Stay.

2.  The Debtor filed a Petition for Bankruptcy Relief under Chapter 13 on June 08, 2012.

3.  The property was originally noticed for Trustee Sale to take place on April 24, 2012 at 11:30 a.m., with James H. Woodall, as the Trustee.

4.  The April 24, 2012 trustee sale was postponed because Creditor Wells Fargo

Bank, N.A. and the debtors were in the process of working out a loan modification to address the default amount on the property.

5. Applicable Non-Bankruptcy law was not followed with regards to postponement of a sale. Debtors represent that the new sale date exceeded 45 days, which requires the sale to be re-noticed in the same manner as the original notice of sale. Utah Code Ann. §57-1-27(2).

6. Furthermore, debtors were assured by Wells Fargo not to be concerned about the default and the notice of sale as the loan modification would be worked out before an auction would occur.

7. Wells Fargo and its agents represented that the postponed date of sale was to take place on Monday, June 11, 2012

8. Not until after the Chapter 13 Bankruptcy was filed and upon the Motion of US Bank National Association, did Debtors learn that the sale actually took place on Friday June 08, 2011.

9. Debtors believe that a valid cause of action now exists under non-bankruptcy law to include but not limited to; wrongful foreclosure resulting from Wells Fargo N.A's deceptive Mortgage Modification practice involving the above debtors.

10. Pursuant to 11 USC 1322(b), a debtor has a right to cure in a Chapter 13 Plan which is limited by 11 USC 1322(c), which states "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law."

11. Debtor asserts that the residence was not sold at a foreclosure sale that was

"conducted in accordance with applicable nonbankruptcy law" as stated above. The Automatic Stay should remain in place to allow debtors to pursue a legal remedy under State Law.

12. US National Bank further asserts that the property is not property of the bankruptcy estate pursuant to the decision of *In re McCarn*, 218 B.R. 154, 163 (10th Cir. B.A.P. 1998) stating that the Trustee sale took place prior to the filing of the Chapter 13 Bankruptcy Petition. However, *In re McCarn* does not address the situation where the Sale of the property takes place on the same day within hours of either event. Section 1322(b) states that the default can be cured making the property part of the estate until "such residence is sold at a foreclosure sale." In re McCarn states that 1322(b) "is clear and unambiguous in establishing the date of the actual foreclosure sale as the cut-off for curing a mortgage default. In this case both events took place on the same day. The Court further considered cases that have analyzed the ambiguous language of 1322(c) that discussed when the property is actually sold or when the sale is complete, finding that the language of the statute is not ambiguous "concluding that the property was 'sold' or the sale was 'complete' on the date of the foreclosure sale." The question of what occurs if the two events happen on the same day was not addressed.

13. Debtor asserts that the sale was not complete at the time the bankruptcy was filed and further analysis of the evidence and circumstances would be necessary to make the determination of when the sale actually was complete. Additionally, further briefing and analysis of the applicable Utah State law and the facts and circumstances involved regarding when the sale is complete is necessary. Debtors object to the termination and/or annulment of the automatic stay.

14. On July 03, 2012, the Debtor filed a Motion to Convert the case to on under

Chapter 11 which has been scheduled to be heard by this court.

15. The Debtors asserts that the in Chapter 11 that they will propose a plan that provides adequate protection and ability to cure the default amount owed on the mortgage to Wells Fargo.

16. The Debtor further asserts that the property is necessary to an effective reorganization.

17. The Debtor shall submit evidence at the hearing on this matter to show why the property is necessary to its reorganization, that the reorganization will be successful, as well as on the issues outlined above in this objection.

WHEREFORE, for the reasons set forth above, the Court should deny US Bank National Association's Motion for termination and annulment of the automatic stay.

DATED this 9th day of July, 2012.

HELGESEN WATERFALL & JONES

/s/
Craig P. Helgesen
Attorney for the Debtor

**CERTIFICATE OF MAILING**

I hereby certify that on July 09, 2012, I electronically filed the foregoing **OBJECTION** with the Clerk of Court using the CM/ECF system which sent notification of such filing to those who have requested electronic notification of such bankruptcy filing.

/s/ Craig P. Helgesen
Craig P. Helgesen
Attorney for Debtors